Lanzinger, J.,
dissenting.
{¶ 24} Because I believe that Gallenstein was required to register her 44-foot Sea Ray in Ohio and has not satisfied the requirements of transient use as set forth in R.C. 5741.02(C)(4), I dissent. I would hold that the BTA properly upheld the imposed use tax, and I would affirm the decision of the BTA.
*247 {¶ 25} It is presumed that “every sale or use of tangible personal property in Ohio is * * * taxable.” Std. Oil Co. v. Peck, 163 Ohio St. 63, 65, 125 N.E.2d 342 (1955). As a result, statutes relating to the exemption or exception from sales or use taxes are to be strictly construed, and one must affirmatively show a right to a claimed exemption or exception. Canton Malleable Iron Co. v. Porterfield, 30 Ohio St.2d 163, 166, 283 N.E.2d 434 (1972) (cataloguing cases); see also Campus Bus Serv. v. Zaino, 98 Ohio St.3d 463, 2003-Ohio-1915, 786 N.E.2d 889, ¶ 8; R. Wantz & Sons Constr. Co. v. Kosydar, 38 Ohio St.2d 277, 280, 313 N.E.2d 360 (1974).
{¶ 26} I do not believe that Gallenstein has met her burden of “affirmatively proving [her] entitlement” to the transient-use exception. Bay Mechanical & Elec. Corp. v. Testa, 133 Ohio St.3d 423, 2012-Ohio-4312, 978 N.E.2d 882, ¶ 16. The fourth of R.C. 5741.02(C)’s nine exceptions to the use tax is at issue here. It states:
(4) Transient use of tangible personal property in this state by a nonresident tourist or vacationer, or a nonbusiness use within this state by a nonresident of this state, if the property so used was purchased outside this state for use outside this state and is not required to be registered or licensed under the laws of this state.
{¶ 27} To be entitled to the use-tax exemption, Gallenstein was required to prove four things: First, that her use of the Sea Ray in Ohio was “transient,” second, that she, as a user of the personal property in Ohio, was a nonresident tourist or vacationer or a nonresident who was using the property for nonbusiness purposes, third, that the Sea Ray was purchased outside Ohio for use outside Ohio, and finally, that the Sea Ray was not required to be registered or licensed under Ohio law.
{¶ 28} I agree with the BTA’s determination that Gallenstein and her husband were nonresident tourists or vacationers, Gallenstein v. Levin, BTA No. 2008-A-1340, 2012 WL 5465162, at *4 (Oct. 23, 2012), and that they undisputedly had purchased the boat for use primarily outside Ohio, id. at *5. The open questions are confined to the first and fourth requirements.

The use of the Sea Ray was not “transient”

{¶ 29} The Revised Code does not define “transient use.” But for purposes of use tax, R.C. 5741.01(C) broadly defines “use” to include “the exercise of any right or power incidental to ownership of the thing used.” (Emphasis added.) The Gallenstein Sea Ray was registered with the Ohio Department of Natural Resources (“ODNR”) from May 2003 until March 2006. The right to register a *248 watercraft is certainly an incident of ownership, and that right was exercised by Gallenstein here in Ohio.
{¶ 30} Consistent with Webster’s Third New International Dictionary 2428 (2002), which defines “transient” as “passing through or by a place with only a brief stay or sojourn,” the BTA concluded that “transient use” “ ‘connotes a use of a short or temporary duration.’ ” Gallenstein at *4, quoting Steenrod v. Tracy, BTA Nos. 1991-A-1108 and 1991-A-1109, 1993 WL 186521, *3 (May 21, 1993). After examining statutes on watercraft registration, the BTA chose 60 days as “an appropriate and reasonable guideline” for determining whether an owner’s use of a boat in Ohio is transient. Id. But one “use” that triggers the use tax in Ohio is a boat’s registration in Ohio. When a boat is registered in Ohio, that registration is effective every single day from the date it is issued until the date it expires. The Gallenstein watercraft was registered from May 2003 until March 2006.
{¶ 31} I would hold that no matter how often an owner actually operates a boat in Ohio, the operation cannot qualify for the transient-use exception while the boat is registered with the ODNR. In other words, the notion of “transient use” is incompatible with the holding of an active Ohio registration. Gallenstein’s registration of the Sea Ray prevents her use of the boat in Ohio from being labeled as “transient,” and she accordingly fails to satisfy the first requirement of the transient-user exception.

The Sea Ray was required to be registered or licensed under Ohio law

{¶ 32} Furthermore, even if Gallenstein’s use were transient, this would satisfy only one requirement under R.C. 5741.02(C)(4). She still must show that her Sea Ray was not required to be registered — and this she did not do. The statute setting forth the registration requirements for watercraft in Ohio, R.C. 1547.531, provides:
(A)(1) Except as provided in division (A)(2) or (B) of this section, no person shall operate or give permission for the operation of any watercraft on the waters in this state unless the watercraft is registered in the name of the current oumer in accordance with [R.C. 1547.54], and the registration is valid and in effect.
(Emphasis added.) The exception mentioned in division (A)(2) is inapplicable, relating as it does to a temporary registration following the sale of a watercraft. Among the exemptions in division (B) is a provision relating to temporary use:
*249 Lindhorst & Dreidame Co., L.P.A., James H. Smith III, and Bradley D. McPeek, for appellant.
Michael DeWine, Attorney General, and Melissa W. Baldwin, Barton A. Hubbard, and Julie Brigner, Assistant Attorneys General, for appellee.
(3) Those that have been documented by the United States coast guard or its successor as temporarily transitting, whose principal use is not on the waters in this state, and that have not been used within this state for more than sixty days.
{¶ 33} The majority emphasizes that the United States Coast Guard does not issue any documentation that endorses watercraft as “temporarily transitting.” And it concludes that because Gallenstein could not qualify for this exemption, she was not required to register her boat in Ohio. Nevertheless, the inability to meet the documentation portion of the exemption merely means the exemption itself does not apply. It does not invalidate R.C. 1547.531’s clear requirement that no person shall operate watercraft in Ohio waters unless the watercraft has proper registration. I agree -with the BTA’s determination that Gallenstein failed to establish that she was not required to register her boat in Ohio. Gallenstein, 2012 WL 5465162, at *4-5. R.C. 1547.531 clearly requires that watercraft used in Ohio must carry valid registration. She has not satisfied the fourth requirement of the transient-user exception.
{¶ 34} Because Gallenstein failed to show both that her use of the Sea Ray was transient and that the Sea Ray was not required to be registered or licensed under Ohio law, she failed to show that she is entitled to the transient-use exception set forth in R.C. 5741.02(C)(4). Accordingly, I would affirm the BTA’s determination that the transient-use exception does not apply in this case and that Gallenstein is subject to the use tax.
O’Connor, C.J., concurs in the foregoing opinion.